IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
IN RE: Mark Eugene Paul, Sr. and Reba Simone Paul
Case No. 24-21083
MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY
Page 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mark Eugene Paul, Sr., and | ) | |
| Reba Simone Paul. | ) | Case No. 24-21083 |
| | ) | Chapter 13 |
| Debtors. | ) | |

### MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY, GRANTING RELIEF FROM AUTOMATIC STAY

COMES NOW Cherry Park Properties, LLC ("Cherry Park"), by and through its counsel, Matthew D. Stromberg and Jeremy E. Koehler of Foulston Siefkin LLP, and moves the Court for an Order Determining that the Automatic Stay does not Apply or, Alternatively, Granting Relief from the Automatic Stay. In support, the movant shows the Court the following:

1. On January 11, 2022, Dale M. Ashlock filed a petition in Johnson County District Court to foreclose his mortgage on two rental properties owned by Genesis Investment Group, Inc. ("Genesis") at 415 N. Walnut and 423 N. Walnut in Olathe, Kansas (collectively the "Property").[1] A copy of the petition is attached hereto as Exhibit A.

2. Debtors personally guaranteed the mortgage on the Property and were also named as defendants in the foreclosure lawsuit. *Id.*

3. On April 23, 2024, the court granted Ashlock's motion for summary judgment and entered a judgment against Genesis and the Debtors.

---

[1] The Property is not a primary residence of the Debtors.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
IN RE: Mark Eugene Paul, Sr. and Reba Simone Paul
Case No. 24-21083
MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY
Page 2

4.      On June 25, 2024, Ashlock assigned the Judgment to Cherry Park. A copy of the Assignment of Judgment is attached hereto as Exhibit B.

5.      On August 5, 2024, the Johnson County District Court issued an order instructing the sheriff of Johnson County to conduct a sheriff's sale of the Property. A copy of this order is attached hereto as Exhibit C.

6.      Although Genesis (which is not a debtor in this bankruptcy, or any other bankruptcy) is the sole owner of the Property, and the automatic stay does not apply to Genesis, out of an abundance of caution, Cherry Park has held off on scheduling the sheriff's sale until it receives a "comfort order" from this Court.

7.      The automatic stay under 11 U.S.C. 362 "applies only to claims against the debtor and does not extend to the debtor's codefendants." *Textron Inv. Mgmt. Co. v. Struthers Thermo-Flood Corp.*, 169 B.R. 206, 211 (D. Kan. 1994) (citing *Croyden Associates v. Alleco, Inc.,* 969 F.2d 675, 677 (8th Cir.1992), *cert. denied* 507 U.S. 908 (1993) (citing *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1992); *Fortier v. Dona Anna Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir.1984)); *see also In re White*, 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009) ("Generally, the automatic stay protects the bankruptcy debtor and does not bar suits against third parties, such as nondebtor entities, even when wholly owned by the debtor, or the debtor's insurers, guarantors, and sureties."); *In re Com. Mortg. and Fin. Co.*, 414 B.R. 389 (Bankr. N.D. 111. 2009)("As a general rule, property of the estate includes the debtor's stock in a subsidiary, but not the assets of the subsidiary.")

8.      The only narrow exception to the rule that the automatic stay does not apply to non-debtor co-defendants is the "'unusual situations' as 'when there is such identity between the debtor

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
IN RE: Mark Eugene Paul, Sr. and Reba Simone Paul
Case No. 24-21083
MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY
Page 3

and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141–42 (10th Cir. 1994) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986)).

9. The fact that Debtors personally guaranteed the mortgage makes no difference here. *See In re Mohr*, 538 B.R. 882, 888 (Bankr. S.D. Ga. 2015) (holding that the automatic stay does not apply to property owned by a separate entity even when the debtor has personally guaranteed the loan).

10. Here, Cherry Park already has a judgment against both Genesis and the Debtors. Cherry Park is merely seeking a "comfort order" indicating that the automatic stay does not apply or, in the alternative, granting stay relief so that it (1) may proceed with a sheriff's sale of property owned by non-debtor Genesis, and (2) that Cherry Park may assert to Genesis that as the assignee of the judgment creditor, it is entitled to receive the rental proceeds from the Property directly. Cherry Park is not seeking to take any action against the Debtors, and allowing the sheriff's sale to proceed will not effectively be a judgment or finding against the Debtors. In fact, allowing Cherry Park to move forward with a sheriff's sale will help the Debtors, by reducing the amount of liability the Debtors owe to Cherry Park due to the personal guaranty.

11. Even if the automatic stay protected the Property, an order granting relief from the automatic stay would be appropriate because there is not adequate protection for the Property. 11 U.S.C. § 362(d) provides that upon the request of a party, and after notice and hearing, "the court

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
IN RE: Mark Eugene Paul, Sr. and Reba Simone Paul
Case No. 24-21083
MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY
Page 4

shall grant relief from the stay . . . for cause, including lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

12.    The rental home at 423 N. Walnut has sat empty for months and Cherry Park has been forced to take over upkeep of the yard. The other portion of the Property is in even worse condition—the roof on the rental home at 415 N. Walnut has been in such disrepair for at least two years that it has caused damage to the interior of the home and the City of Olathe has opened multiple code cases regarding the home. A copy of an email Cherry Park received from the City of Olathe is attached hereto as Exhibit D. Portions of the roof are covered merely by a tarp. Neither Genesis nor the Debtors have taken action to address the disrepair of the roof. A photo of the tarp-covered roof is below:



13.    Cherry Park requests that the final hearing on this motion be concluded within 30 days of the preliminary hearing.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF KANSAS
IN RE: Mark Eugene Paul, Sr. and Reba Simone Paul
Case No. 24-21083
MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY
Page 5

WHEREFORE, Cherry Park hereby requests that this Court issue an Order Determining

that the Automatic Stay does not Apply or, Alternatively, Granting Relief from the Automatic Stay

so that it may pursue its remedies under state law against non-debtor defendants.

FOULSTON SIEFKIN, LLP

*/s/ Jeremy E. Koehler*
Jeremy E. Koehler, KS #28217
1551 N. Waterfront Pkwy., Suite 100
Wichita, KS 67206
T: 316-267-6371 | F: 316-267-6345
jkoehler@foulston.com

Matthew D. Stromberg, #23710
7500 College Boulevard, Suite 1400
Overland Park, KS 66210
T: 913-498-2100 | F: 913-498-2101
mstromberg@foulston.com
*Attorneys for Cherry Park Properties, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing
**MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR, ALTERNATIVELY,
GRANTING RELIEF FROM AUTOMATIC STAY** was uploaded to the CM/ECF system on October 2,
2024, which will send a notice of electronic filing to the parties receiving electronic notice in these
proceedings.

By: */s/ Jeremy E. Koehler*
Jeremy E. Koehler, #28217