IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

DALE M. ASHLOCK,

                        Plaintiff,

vs.

GENESIS INVESTMENT GROUP, INC.,
Serve at:      Asia Lockett, Registered Agent
                120 S. Clairborne
                Olathe, Kansas 66062

MARK E. PAUL, SR.,
Serve at:      1801 E. Stratford Road
                Olathe, Kansas 66062

REBA S. PAUL,
Serve at:      1801 E. Stratford Road
                Olathe, Kansas 66062

MAURICIO DELGADO PRIETO,
Serve at:      407 N. Walnut Street
                Olathe, Kansas 66061

CLAUDIA RUBI GUZMAN RAMIREZ,
Serve at:      407 N. Walnut Street
                Olathe, KS 66061

MIGUEL ANGEL LARA DOMINGUEZ,
Serve at:      415 N. Walnut Street
                Olathe, KS 66061

GABRIELA LAGUNES HERMIDA,
Serve at:      415 N. Walnut Street
                Olathe, KS 66061

Case No.
Court No.
Chapter 60

Title to Real Estate Involved

PJ-1035542-v1

**EXHIBIT A**

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

ASIA LOCKETT
Serve at:        423 N. Walnut Street
                Olathe, KS 66061

DERIAN LOCKETT,
Serve at:        423 N. Walnut Street
                Olathe, KS 66061

UNITED STATES OF AMERICA,
Serve at:        Attorney General of the United States
                U.S. Department of Justice
                10th & Constitution
                Washington, D.C. 20001

Also Serve:     Dustin Slinkard
                United States Attorney for the District Court of Kansas
                500 State Avenue, Room 360
                Kansas City, Kansas 66101

CITY OF OLATHE, KANSAS,
Serve at:        Ron Shaver, City Attorney
                Olathe City Hall
                100 E. Santa Fe Street, Second Floor
                Olathe, KS 66061

Defendants.

## PETITION FOR MORTGAGE FORECLOSURE, FOR ENFORCEMENT OF ASSIGNMENT OF RENTS & PROFITS AND OTHER RELIEF PURSUANT TO K.S.A. CHAPTER 60

Comes now, Dale M. Ashlock (hereinafter "Plaintiff"), by and through the undersigned counsel of Payne & Jones, Chtd., and for its claim for relief against the defendants states and alleges:

1.      That Plaintiff is an individual with his principal place of business and correct post office address located at 700 E. Santa Fe, Olathe, Kansas 66061.

2.      Defendant Genesis Investment Group, Inc. (hereinafter referred to as "Genesis") is a Kansas corporation whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

PJ-1035542-v1

3. Defendant Mark E. Paul, Sr. ("Mr. Paul") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

4. Defendant Reba S. Paul ("Ms. Paul") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

5. Defendant Mauricio Delgado Prieto ("Mr. Prieto") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

6. Defendant Claudia Rubi Guzman Ramirez (hereinafter referred to as "Ms. Ramirez") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

7. Defendant Miguel Angel Lara Dominguez ("Mr. Miguel") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

8. Defendant Gabriela Lagunes Hermida ("Ms. Hermida") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

9. Defendant Asia Lockett ("Ms. Lockett") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

PJ-1035542-v1

Case 24-21083   Doc# 24-1   Filed 10/02/24   Page 3 of 24

10. Defendant Derian Lockett ("Mr. Lockett") is an individual whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

11. Defendant United States of America Department of the Treasury – Internal Revenue Service ("Department of Treasury") is a governmental agency whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

12. Defendant City of Olathe, Kansas ("City of Olathe") is a governmental agency whose address as known to Plaintiff is set forth in the caption above, and that said defendant may be served with process as set forth above.

## COUNT I
(Mortgage Foreclosure)

13. That for good and sufficient consideration, on or about the date set forth therein, defendants Mr. Paul and Ms. Paul and Plaintiff, made, executed and delivered the Mortgage Note, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference (hereinafter referred to as the "Note"), payable to First Federal Savings & Loan Association of Olathe (now known as First Federal Savings & Loan Bank) ("First Federal") as specified therein.

14. That, at the same time, as a part of the same transaction and in order to secure the payment of the indebtedness evidenced by said Note, Mr. Paul and Ms. Paul, executed and delivered a mortgage, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference (hereinafter referred to as the "Mortgage"), in favor of First Federal, mortgaging the following described real property, to-wit:

4

*TRACT 1: Lot 11, Block 23, and also the East Half of the vacated alley lying West of and adjacent to said Lot 11, and also the North Half of the vacated alley lying South of and adjacent to said Lot 11, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

*TRACT 2: Lot 8, Block 23, and the East Half of the vacated alley lying West of and adjacent to said Lot 8, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

*TRACT 3: All of Lot 7, Block 23 and the East Half of the vacated alley lying West of and adjacent to said Lot 7, Block 23, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

with a common address of 407 N. Walnut Street, 415 N. Walnut & 423 N. Walnut Street, Olathe, Kansas 66061 (hereinafter, the "Property").

15. That said Mortgage was duly filed and recorded in the mortgage records in the office of the Register of Deeds of Johnson County, Kansas ("Register of Deeds"), on December 18, 2007 and entered as Instrument No. 20071218-0004225, in Book 200712, at Page 004225, and at that time all recording and registration fees were paid in full thereon.

16. That on or about August 6, 2008, Mr. Paul and Ms. Paul transferred their interest in and to the Property to Genesis pursuant to that Quit Claim Deed dated August 6, 2008, which was recorded with the Register of Deeds on August 6, 2008 as Instrument No. 20080806-001566 in Book 200808 at Page 001566.

17. That on or about May 13, 2011, First Federal assigned the Note and the Mortgage to First State Bank of Kansas City, Kansas ("First State Bank") pursuant to that Assignment of Mortgage dated May 13, 2011 that was recorded on May 20, 2011 with the Register of Deeds as Instrument No. 20110520-0005242 in Book 201105 at Page 005242 (the "Assignment No. 1") a copy of which is attached hereto as Exhibit "C" and incorporated herein by reference.

18. That on or about May 13, 2011, First State Bank assigned the Note and the

*Clerk of the District Court, Johnson County Kansas
01/11/22 04:05pm KU*

PJ-1035542-v1

Case 24-21083   Doc# 24-1   Filed 10/02/24   Page 5 of 24

Mortgage to Plaintiff pursuant to that Assignment of Mortgage dated May 13, 2011 that was recorded on May 20, 2011 with the Register of Deeds as Instrument No. 20110520-0005243 in Book 201105 at Page 00523 (the "Assignment No. 2") a copy of which is attached hereto as Exhibit "D" and incorporated herein by reference.

19. Pursuant to the Assignment No. 2 Plaintiff is the owner and holder of said Note and Mortgage.

20. That there has been a default and failure to comply with the terms of said Note and Mortgage in that Genesis, Mr. Paul and Ms. Paul failed, neglected and refused to carry out the terms and provisions of said Note and Mortgage and have failed to make monthly payments when due as therein provided.

21. Plaintiff mailed a notice of default to Mr. Paul and Ms. Paul.

22. The Plaintiff, as holder of said Note and Mortgage has declared and hereby declares the entire balance due and payable, together with interest thereon. As of January 10, 2022, Mr. Paul and Ms. Paul owe Plaintiff the following indebtedness:

(a) The unpaid principal balance of the Note in the amount of $196,188.95;

(b) Plaintiff is further entitled to unpaid interest in the amount of $6,320.09 through January 10, 2022 with a per diem of $55.37 thereafter;

(c) All sums advanced by or to be advanced by the Plaintiff for title evidence in bringing this action, and to date, Plaintiff has advanced $450.00 for such costs;

(d) All sums advanced or to be advanced by Plaintiff prior to sale for real estate taxes and hazard insurance;

(e) Accrued late charges which as of January 10, 2022 total $1,475.19;

6

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

PJ-1035542-v1

(f)     All sums paid by Plaintiff or to be paid by Plaintiff prior to sale for insufficient funds charges, property inspections or property maintenance expenses;

(g)     plus any negative escrow account (or credit for any positive escrow account balance, if any) which as of January 10, 2022 totaled $28,418.97; and

(h)     The costs of this action, including reasonable attorney's fees as permitted by virtue of the Note and Mortgage herein. Plaintiff expects such reasonable attorney's fees to amount to $3,500.00.

23.     Plaintiff is entitled to have its Mortgage foreclosed as a first and prior lien upon the Property.

24.     Genesis, Mr. Paul and Ms. Paul has or may claim to have some right, title, or interest in or to the Property, but any such claim is inferior and subject to the lien of Plaintiff's Mortgage and should be so adjudged.

25.     That said Note and Mortgage represented and were given to secure the purchase price on said Property, and such Property constitutes three (3) separated single or two-family dwellings, occupied by tenants as detailed below, but less than one-third (1/3) of the original indebtedness secured by said Mortgage was paid prior to default; that the Mortgage provides that if allowed by Kansas law all rights of redemption are waived, now that the Property is owned by a corporation, Kansas law allows for the waiver of all redemption rights; therefore, the Property should be sold without any rights of redemption as it applies to all creditors except the Department of Treasury.

26.     That the Note and Mortgage provide that upon default, Mr. Paul and Ms. Paul, shall pay Plaintiff's attorney's fees to collect the amount due pursuant to the Note.

PJ-1035542-v1

Case 24-21083     Doc# 24-1     Filed 10/02/24     Page 7 of 24

27. That Plaintiff is entitled to personal judgment against Mr. Paul and Ms. Paul for Plaintiff's attorney's fees.

28. That the following defendants may have or may claim to have some right, title, interest or lien in, on or to said real property subject to the Mortgage by virtue of the following:

a. Department of Treasury, by virtue of the Federal Tax Lien filed on July 14, 2017, with the Register of Deeds as Document Number 20170714-0005351 in Book 201707 at Page 0005351 against Genesis in the amount of $84,270.25, which was filed by the Small Business/Self Employed Area #4 of the DEPARTMENT OF TREASURY for taxpayer identification number XX-XXX6685 for Form 1120 Tax for the tax periods ending December 31, 2008, December 31, 2009, December 31, 2010, and December 31, 2012 originally signed by Jean Flack for Rachel D. Phillips, Revenue Officer on June 28, 2017;

b. Department of Treasury, by virtue of the Federal Tax Lien filed on April 20, 2017, with the Register of Deeds as Document Number 20170420-0008629 in Book 201704 at Page 008629 against Genesis in the amount of $178,426.20, which was filed by the Small Business/Self Employed Area #4 of the DEPARTMENT OF TREASURY for taxpayer identification number XX-XXX6685 for Form 941 Tax for the tax periods ending March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, September 30, 2010, December 31, 2010, March 31, 2011, June 30, 2011 and September 30, 2011, originally signed by Jean Flack for Rachel D. Phillips, Revenue Officer on April 18, 2017;

8

PJ-1035542-v1

c. Department of Treasury, by virtue of the Federal Tax Lien filed on April 28, 2020, with the Register of Deeds as Document Number 20170428-0008630 in Book 201704 at Page 00863 against Genesis in the amount of $25,180.61, which was filed by the Small Business/Self Employed Area #4 of the DEPARTMENT OF TREASURY for taxpayer identification number XX-XXX6685 for Form 940 Tax for the tax periods ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, and December 31, 2013, and for Form 941 for the tax period of December 31, 2011, March 31, 2012, June 30, 2012, September 30, 2012, December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013 and December 31, 2013, originally signed by Jean Flack for Rachel D. Phillips, Revenue Officer on April 18, 2017;

d. City of Olathe, by virtue of the Affidavit Pending Action filed by the City of Olathe for mowing and weed and debris removal against and upon property located at 423 N. Walnut Street, Olathe, KS 66061, that was recorded with the Register of Deeds on March 27, 2019, as Instrument No. 20190327-0006489 in Book 201903 at Page 006489;

e. City of Olathe, by virtue of the Affidavit Pending Action filed by the City of Olathe for mowing and weed and debris removal against and upon property located at 407 N. Walnut Street, Olathe, KS 66061, that was recorded with the Register of Deeds on July 12, 2019, as Instrument No. 20190712-0004382 in Book 201907 at Page 004362;

f. Mr. Prieto and Ms. Ramirez – by virtue of their occupancy of 407 N. Walnut Street, Olathe, KS 66061, one of the three tracts included in the Property.

9

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

PJ-1035542-v1

g. Mr. Dominguez and Ms. Hermida – by virtue of their occupancy of 415 N. Walnut Street, Olathe, KS 66061, one of the three tracts included in the Property.

h. Ms. Lockett and Mr. Lockett – by virtue of their occupancy of 423 N. Walnut Street, Olathe, KS 66061, one of the three tracts included in the Property.

but whatever right, title, interest, claim or lien which said defendant may have or claim to have in, on or to said Property, the same is junior and inferior to Plaintiff.

WHEREFORE, Plaintiff prays for a personal judgment against defendants Mr. Paul and Ms. Paul, joint and several, for the total principal sum of $196,188.95, plus accrued and unpaid interest thereon in the amount of $6,320.09, through January 10, 2022, with a per diem of $55.37, thereafter; plus any and all late fees incurred thereafter; together with Plaintiff's attorney's fees and the costs of this action, any negative escrow account balance (or credit for any positive escrow account balance, if any), which currently totals $28,418.97, plus any sums which Plaintiff has advanced and may hereafter advance under the terms of said Mortgage, including but not limited to the expense of $450.00 for the title report to prepare this foreclosure action; plus Plaintiff's reasonable expenses incurred herein; and Plaintiff further prays that said judgment and Plaintiff's Mortgage be adjudged and decreed a first and prior lien on the real property described in said Mortgage, that the rights and priorities of the parties to this action be determined; that Plaintiff's Mortgage hereinbefore described be foreclosed; that the Court find that the rights of redemption were waived and there shall be no period of redemption except for the right of redemption for the Department of Treasury; that if the principal and interest found due this Plaintiff herein be not paid within ten (10) days after the date of said judgment, that an order of sale then issue out of this Court under the seal thereof, directed to the Sheriff of Johnson County,

10

Kansas, commanding him to advertise and sell the real estate hereinbefore described according to law and to apply the proceeds of said sale as follows:

1. To the payment of the costs of this action, including the costs of sale;

2. To the payment of all ad valorem taxes found to be due and unpaid on said real estate, if any;

3. To the payment of Plaintiff's judgment with interest found due Plaintiff herein; and

4. The balance, if any, to be paid to the Clerk of this Court to abide the further orders of the Court.

That upon said sale being made and confirmed and upon the expiration of the period of redemption for the Department of Treasury herein, that the Sheriff of Johnson County, Kansas be ordered and directed to execute and deliver to the purchaser at said sale or its successors or assigns as the case may be, a good and sufficient Sheriff's Deed for all of said real estate and thereupon all the right, title, interest, or lien and equity of redemption of said Defendants named in this petition and those persons claiming by, through or under them, and each of them, be forever barred and extinguished; and that a Writ of Assistance issue out of this Court placing the grantee in full and complete possession of all of said real estate and that Plaintiff have such other and further relief as the Court shall deem just and proper.

## Count II
(Enforcement of Assignment of Rents & Profits)

29. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 28, of this Petition.

Clerk of the District Court, Johnson County Kansas
01/11/22  04:05pm KU

PJ-1035542-v1

30.   That in Section 4 of the Mortgage, Mr. Paul and Ms. Paul transferred and assigned to Plaintiff, all rents, profits, revenues and incomes concerning the real properties described in the Mortgage as follows:

> 4.   As further security for payment of said indebtedness and performance of mortgagor's obligations, covenants and agreements herein contained, mortgagor hereby transfers, sets over and assigns to the mortgagee all rent, profits, revenues or incomes of any kind and all judgments, awards of damages, settlements hereinafter made as a result or in lieu of any taking of the premises or any part thereof under the power of eminent domain, of for any damage (whether caused by such taking or otherwise) to the premises or the improvements thereon or any part thereof. . . .

31.   That Section 9 of the Mortgage provides that upon default by Mr. Paul and Ms. Paul, Plaintiff shall have the right to collect the rents, issues and profits associated with the mortgaged premises as follows:

> 9.   If there shall be a default in any terms, conditions, or covenants of this mortgage, or the note secured hereby, then any and all sums owing by the Mortgagor to the Mortgagee shall, at the option of the Mortgagee, become immediately due and payable. The Mortgagee shall then have the right to enter into the possession of the mortgage premises and collect the rents, issue and profits thereof. . . .

32.   That Mr. and Mrs. Paul have defaulted under the terms of the Mortgage and Note.

33.   Plaintiff has demanded that Mr. Paul and Ms. Paul permit Plaintiff to collect the rents, issue and profits of the properties.

34.   Kansas law, specifically K.S.A. § 58-2343, authorizes the Plaintiff to seek enforcement of the assignment of rents, issue and profits as provided in the Mortgage.

35.   Plaintiff hereby requests appropriate orders from the court to enforce the assignment of rents, issue and profits, to give Plaintiff possession to collect, protect and preserve the rents, issue and profits pending final disposition of this case.

36.   Pursuant to K.S.A. § 58-2343(d), any tenant who, upon due notice from the lender, makes rent payments to the lender in accordance with the terms of the assignment instrument shall

12

be given credit for such payment as if the payments had been made to their landlord (Genesis, Mr. Paul and Ms. Paul).

WHEREFORE, Plaintiff respectfully requests that the Court enter appropriate orders against the defendants for:

A. An order directing defendants Genesis, Mr. Paul and Ms. Paul, and anyone holding title to the real property described herein, to deliver possession of the rent, issue and profits derived form the real property described herein to the Plaintiff.

B. An order directing Mr. Prieto, Ms. Ramirez, Mr. Dominguez, Ms. Hermida, Ms. Lockett and Mr. Lockett, any tenant or occupant (or buyer on any type of contract for deed) to pay all rents, issue and profits concerning the real properties described herein directly to Plaintiff.

C. Such other and further relief as the court considers just and proper.

PAYNE & JONES, CHARTERED

By _____
Jon W. Gilchrist - #13708
11000 King Street
Overland Park, Kansas 66210
(913) 469-4100;
(913) 469-8182 Facsimile
Email: jgilchrist@paynejones.com

ATTORNEYS FOR PLAINTIFF

PJ-1035542-v1

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

Case 24-21083    Doc# 24-1    Filed 10/02/24    Page 13 of 24

# EXHIBIT "A"

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

## MORTGAGE NOTE

# 5699

Olathe, Kansas,                    12/17/2007

FOR VALUE RECEIVED, I (WE) promise to pay to the order of I FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF OLATHE, or its assigns the     cipal sum of **Two Hundred Seventy Six Thousand and no/100**     Dollars (                    **$276,000.00** ) and such additional sums as may be advanced hereon by the holder of this note to the maker with the interest from date at the rate of     **Eight and seven eighths**                    8.875 %) per annum on the unpaid balance until paid. Principal and interest shall be payable at the office of said Association in Olathe, Kansas, or at such places as the holder may designate, in monthly installments of **Two Thousand Two Hundred Nine Two and 61/100 dollars**          **$2,292.61** commencing on               **February 1, 2007**                    , and continuing on the first day of each month thereafter     until this note is fully paid. Provided, however, if not sooner paid the final payment of the principal and interest shall be due and payable on the first day of                    **January, 2033**

2. Privilege is reserved to repay at any time, without penalty, the entire indebtedness or any part thereof, provided, however, the holder may require 30 days notice of the intent to pay the entire balance in full.

3. In order to provide for the payment of taxes, assessments, insurance premiums, and other charges upon the property securing this indebtedness, I (we) promise to pay monthly to said Association in addition to the above payments, but at the same time, a sum estimated to be equivalent to 1/12th of such annual items, to be held in trust by it for the payments of such items when due without further authority. If the amount estimated to be sufficient to pay such items is not sufficient, I (we) promise to pay the difference upon demand.

4. This note is secured by a mortgage upon certain real estate described therein, made, executed and delivered to said Association simultaneously herewith. All the terms, conditions and covenants contained herein are made part of said mortgage, and all the terms, conditions and covenants contained in said mortgage are made a part thereof and shall be binding upon Borrower and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

5. I (we) further agree that upon any default upon this obligation, or the instrument securing it, interest at the rate of one percent (1%) per annum above the original rate provided herein, on the unpaid balance of this indebtedness may be charged for the period of such default, said increased rate to become effective as of the date to which the interest was last paid prior to the default. In the event of any default in making payment of any of the installments when due, under the terms and conditions of this note or mortgage securing this note, or in the event of any of the terms or conditions of this note or mortgage should be breached, the Association or its assigns, may at its option, declare the remaining unpaid balance and interest thereon, or any advancements made hereunder, due and payable, without notice or demand, and any waiver of such right and option shall not be construed as a waiver of any of any of the rights of such Association or it assigns, hereunder or under the mortgage securing this note, to thereafter declare the whole of said remaining unpaid balance, interest, advancements, or other charges, due and payable.

6. Attorneys' Fees; Expenses. Lender may hire or pay someone else who is not Lender's salaried employee to help collect this Note if Borrower does not pay. Borrower will be liable for all reasonable costs agency fees, except that such costs of collection shall not include recovery of both attorney's fees and collection agency fees. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

7. Borrower will pay a fee to Lender of $20.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored.

8. This Note will be governed by, construed and enforced in accordance with the federal law and the laws of the State of Kansas. This Note has been accepted by Lender in the State of Kansas.

9. General Provisions. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand of payment, protest and notice of dishonor. Upon any challenge in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party of guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

Prior to signing this Note, Borrower(s) read and understood all provisions of this note. Borrower(s) agrees to the terms of this Note. Borrower(s) acknowledges receipt of this mortgage note.

_____
Mark E. Paul, Sr.

_____
Reba S. Paul

_____
Dale M. Ashlock

_____

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

Case 24-21083     Doc# 24-1     Filed 10/02/24     Page 15 of 24

# EXHIBIT "B"

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*





20071218-0004225           12/18/2007
P: 1 of 2     F: $12.00    10:35:18 AM
Register of Deeds          T20070051675
JO CO KS  BK:200712 PG:004225

20071218-0004225
12/18/2007 10:35AM T20070051675
Indebtedness        $276,000.00
Mortgage Tax        $717.60

# MORTGAGE

Loan # 5699

THE INDENTURE, made this           17th    day of          December, 2007 by and between
Mark E. Paul, Sr. and Reba S. Paul, husband and wife
aka MARK PAUL AND REBA PAUL

of        Olathe, Kansas              Mortgagor, and First Federal Savings and Loan Association of Olathe, a
corporation, organized and existing under the laws of the United States, Mortgagee:

WITNESSETH, that the Mortgagor, for and in consideration of the sum of
Two Hundred Seventy Six Thousand and no/100

Dollars ($    276,000.00 ), the receipt of which is hereby acknowledged, does by these presents mortgage and warrant unto
the Mortgagee, its successors and assigns, forever, the following described property, situated in the county of Johnson
State of Kansas, to wit:

TRACT 1:  Lot 11, Block 23, and also the East half of the vacated alley lying West of and adjacent to said Lot 11, and also
the North half of the vacated alley lying South of and adjacent to said Lot 11, TOWN OF OLATHE, a subdivision in the City
of Olathe, Johnson County, Kansas, according to the recorded plat thereof.   TRACT 2:  Lot 8, Block 23, and the East 1/2 of
the vacated alley lying West of and adjacent to said Lot 8, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson
County Kansas, according to the recorded plat thereof.     TRACT 3:  All of Lot 7, Block 23 and the East 1/2 of the vacated
alley lying West of and adjacent to said Lot 7, Block 23, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson
County, Kansas, according to the recorded plat thereof.
THIS IS A PURCHASE MONEY MORTGAGE

together with the tenements, hereditaments ad appurtenances thereunto belonging, and the rents, issues and profits thereof
(provided however , that the Mortgagor shall be entitled to collect and retain said rents, issues and profits until default
thereunder) and all fixtures now or hereafter attached to or used in connection with the premises herein described and in
additional thereto the following which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the
security of the indebtedness herein mentioned.

To Have And To Hold the above described property unto the Mortgagee, forever. Mortgagor covenants with the Mortgagee that
he is lawfully seized in fee of the premises hereby conveyed, that he has good right to sell and convey the same, as aforesaid,
and that he will warrant and defend the aforesaid title thereto against the claims and demands of all persons whomsoever.

This mortgage is given to secure the payment of the principal sum aforesaid as evidenced by a certain promissory note of even
date herewith, the terms of which are incorporated herein by reference, payable with the interest at the rate of  of
 Eight and seven eighths  percentum (     8.88% %) per annum on the unpaid balance until paid, principal and interest to be
paid at the office of First Federal Savings and Loan Association of Olathe, in Olathe, Kansas, or at such other place as the
 holder of the note may designate, in monthly installments of       Tw Thousand Two Hundred Ninety Two and 61/100
dollars        $2,292.61 ), commencing on the first day of                 February 1, 2008 , and continuing on the first day
of each month hereafter, until said note is fully paid, except that, if not sooner paid, the final payment of principal and interest
shall be due and payable on the first day of          January, 2033

The Mortgagor covenants as follows:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by said note, at the times and in the manner
herein and in said note provided. Privilege is reserved to prepay without penalty, in part, or in full, subject only to thirty days
notice of intent to pay in full. Prepayment to be made on monthly payment date, and it does not extend date of installments

2. In addition to payments on principal and interest payable under the terms of the note secured hereby, he will provide for
payment of taxes, insurance and other charges, by payment into reserve funds held by Mortgagee, monthly payments
as provided in the note.

3. He will pay all ground rents, taxes, assessments, water rated, and other governmental charges, fines, or impositions,
levied upon said premises except when payment for all such items has theretofore been made under paragraph 2 hereof, and
will promptly deliver the official receipts thereof to the Mortgagee. In default, thereof the Mortgagee may pay the same.

4. As further security for payment of said indebtedness and performance of mortgagor's obligations, covenants and agreements
herein contained, mortgagor hereby transfers, sets over and assigns to the mortgagee all rents, profits, revenues or incomes
of any kind and all judgments, awards of damages, settlements hereinafter made as a result or in lieu of any taking of the
premises or any part thereof under the power of eminent domain, or for any damage (whether caused by such taking or
otherwise) to the premises or the improvements thereon or any part thereof. Mortgagee may apply all such sums or any
part thereof so received on the indebtedness secured thereby in such manner as it elects, or, at its option,
the entire amount or any part thereof so received may be released.

5. He shall not commit or permit waste; and shall maintain the property in as good condition as at present,
reasonable wear and tear excepted. Upon any failure to so maintain, Mortgagee, at his option may cause
reasonable maintenance work to be performed at the cost of the Mortgagor. Any amounts paid thereof by the Mortgagee
shall bear an interest rate at two points above the then current rate or 11%, whichever is authorized by Kansas law.

6. He will continuously maintain hazard insurance of such type or types and amounts as mortgagee may from time

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

to time require, on the improvements now or hereafter on said premises, and except when payments for all such premiums has therefore been made under paragraph 2 hereof, he will promptly pay when due any premiums therefore. Upon default thereof, Mortgagee may pay the same, All insurance shall be carried in companies approved by the Mortgagee and the policies and renewals thereof shall be held by it and have attached thereto mortgage clauses in favor of and in form acceptable to the Mortgagee.

7. Upon the request of the Mortgagee the Mortgagor shall execute and deliver supplemental note or notes for any sum or sums advanced by the Mortgagee at Mortgaors request for any purpose. Said note or notesshall be secured hereby on a parity with and as fully as if the advance evidenced thereby were included in the note first described above. Said supplemental note or notes shall bear interest as provided in said note or notes, and shall be payable in approximately equal monthly payments for such period as may be agreed upon by the Mortgagor and the Mortgagee. Failing to agree on the maturity, the whole of the sum or sums so advanced shall be due and payable thirty (30) days after demand by the Mortgagee. In no event shall the maturity extend beyond the ultimate maturity of the note first described above.

8. Upon transfer of title of the real estate to secure this note, the entire unpaid balance remaining due hereunder may at the option of the Association, mortgagee, be declared due and payable at once or the mortgagee may impose any one or both of the following conditions:

    a) Assess a transfer fee not to exceed one percent of the balance remaining due on this note and if such fee is not paid, add said sum to the note and same shall become a lien on the real estate mortgage to secure this note:

    b) At any subsequent time, increase the interest rate up to , but not to exceed the then current rate being charged by the mortgagee on similar new loans upon giving sixty (60) days notice in writing to the mortgagor.

    Provided, however in the event, the then owner of the property mortgaged to secure this note may, at said mortgagor's option pay off the entire balance remaining due, without prepayment penalty.

9. If there shall be a default in any of the terms, conditions or covenants of this mortgage, or the note secured hereby, then any and all sums owing by the Mortgagor to the Mortgagee shall, at the option of the Mortgagee, become immediately due and payable. The Mortgagee shall then have the right to enter into the possession of the mortgaged premises and collect the rents, issues and profits thereof. In the event of any default, as herein described, this mortgage may be foreclosed. Appraisement is hereby waived.

10. Mortgagor herein, if provided by Kansas law, wholly waives the period of redemption from foreclosure and agrees that when sale is had under any decree of foreclosure against said mortgagor, the sheriff making such sale, or his successor in office, is authorized to execute at once or as soon thereafter as authorized by law, a deed to the purchaser.

11. The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part thereof secured hereby.

Notice of the exercise of any option granted herein to the Mortgagee is not required to be given. The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall;; be applicable to all genders, and the term "Mortgagee" shall include any payee of the indebtedness hereby secured or any transferee thereof whether by operation or otherwise.

IN WITNESS WHEREOF the Mortgagor has set his hand and seal the day and year above first written.

_____
Mark E. Paul, Sr.

_____
Reba S. Paul

State of Kansas, County of Johnson : ss

Be It Remembered, that on this    17th    day of    December ,    2007    , before me, the undersigned, a Notary Public in and for the County and State aforesaid, personally appeared
**Mark E. Paul, Sr. and Reba S. Paul, husband and wife**

to me personally known to be the same person(s) who executed the above and foregoing instrument of writing, and duly acknowledged the execution of same.

In Witness Whereof, I have hereunto set my hand and Notarial Seal on the day and year last above written.

NOTARY PUBLIC STATE OF KANSAS
BARBARA J. ROEPE
My Appt. Exp.

_____
Barbara J. Roepe

My commission expires:    February 26, 2008

*Clerk of the District Court, Johnson County Kansas*
*04:05pm KU*
20071218-0004225    12/18/2007
P:    10:35:18 AM
Register of Deeds    20070051675
JO CO KS    BK:200712 PG:004225

# EXHIBIT "C"

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

```
20110520-0005243
Electronic Recording            05/20/2011
Pages: 2        F: $12.00       09:47:04 AM
Register of Deeds               T20110025012
JO CO KS    BK:201105    PG:005243
```

KANSAS SECURED TITLE

FILE NO. ALCOM /120946

RECORDATION REQUESTED BY:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

WHEN RECORDED MAIL TO:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

SEND TAX NOTICES TO:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

FOR RECORDER'S USE ONLY

## ASSIGNMENT OF ASSIGNMENT OF MORTGAGE

THIS ASSIGNMENT OF ASSIGNMENT OF MORTGAGE dated May 13, 2011, is made and executed between **First State Bank of Kansas City, Kansas** (referred to below as "Assignor") and **Dale M. Ashlock**, whose address is 4900 Central - #303, Kansas City, Wyandotte County, Kansas (referred to below as "Assignee").

**MORTGAGE.** Mark E. Paul, Sr. and Reba S. Paul, husband and wife, a/k/a Mark Paul and Reba Paul, the Mortgagors, executed and delivered to **First Federal Savings and Loan Association of Olathe**, the Mortgagee, a Mortgage (the "Mortgage") which has been recorded in Johnson County, State of Kansas, as follows:

Real Estate Mortgage dated December 17, 2007, in the stated principal amount of **TWO HUNDRED SEVENTY-SIX THOUSAND AND 00/100 DOLLARS ($276,000.00)**, made by Mark E. Paul Sr. and Reba S. Paul, husband and wife, a/k/a Mark Paul and Reba Paul, and payable to the order of, **First Federal Savings and Loan Association of Olathe** and recorded December 18, 2007 with the Johnson County Register of Deeds, as Document # 20071218-0004225, in Book 200712, Page 004225.

**REAL PROPERTY DESCRIPTION.** The Mortgage covers the following described real property located in Johnson County, State of Kansas:

Tract 1: Lot 11. Block 23, and also the East half of the vacated alley lying West of and adjacent to said Lot 11, and also the North half of the vacated alley lying South of and adjacent to said Lot 11, Town of Olathe, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof. Tract 2: Lot 8, Block 23 and the East 1/2 of the vacated alley lying West of and adjacent to said Lot 8, Town of Olathe, a subdivision in the City of Olathe, Johnson County Kansas, according to the recorded plat thereof. Tract 3: all of Lot 7, Block 23, and the East 1/2 of the vacated alley lying West of and adjacent to said Lot 7, Block 23, Town of Olathe, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.

The Real Property or its address is commonly known as 407 N. Walnut, 415 N. Walnut and 423 N. Walnut, Olathe, Johnson County, Kansas. The Real Property tax identification numbers respectively are DP52000023 0011, DP52000023 0008 and DP52000023 0007.

**ASSIGNMENT OF ASSIGNMENT OF MORTGAGE.** For valuable consideration, **First State Bank of Kansas City, Kansas**, Assignor, hereby assigns and conveys, without recourse, to **Dale M. Ashlock**, Assignee, all of Assignor's right, title, and interest in and to the above described Mortgage, together with all of Assignor's right, title and interest in and to the promissory note or notes (or other credit agreements) secured by the Mortgage.

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

ASSIGNOR:

First State Bank of Kansas City, Kansas

By _____

Edward P. Wollmuth, Sr. Vice President

CORPORATE ACKNOWLEDGMENT

STATE OF KANSAS )
)ss
COUNTY OF JOHNSON)

On this 13 day of May 2011 A.D., before me appeared Edward P. Wollmuth to me personally known, who being by me duly sworn, did say that he is the Sr. Vice President of First State Bank of Kansas City, Kansas and that the seal affixed to the foregoing instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said Edward P. Wollmuth acknowledged said instrument to be the free act and deed of said corporation.

In Witness Whereof, I have hereunto set my hand and affixed my notarial seal at my office in Johnson County, Kansas.

NOTARY PUBLIC
STATE OF KANSAS
JESSIKAH D. WILKINSON
My Appt. Exp. 07|09|14

_____
Notary Public

My appointment expires 07|09|14

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

# EXHIBIT "D"

*Clerk of the District Court, Johnson County Kansas*
*01/11/22  04:05pm KU*

```
20110520-0005243
Electronic Recording        05/20/2011
Pages: 2       F: $12.00    09:47:04 AM
Register of Deeds           T20110025012
JO CO KS     BK:201105      PG:005243
```

KANSAS SECURED TITLE

FILE NO. ALCOM /1209916

RECORDATION REQUESTED BY:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

WHEN RECORDED MAIL TO:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

SEND TAX NOTICES TO:
First State Bank, 650 Kansas Avenue, P.O. Box 5188, Kansas City, KS 66119-0188

FOR RECORDER'S USE ONLY

## ASSIGNMENT OF ASSIGNMENT OF MORTGAGE

THIS ASSIGNMENT OF ASSIGNMENT OF MORTGAGE dated May 13, 2011, is made and executed between **First State Bank of Kansas City, Kansas** (referred to below as "Assignor") and **Dale M. Ashlock**, whose address is 4900 Central - #303, Kansas City, Wyandotte County, Kansas (referred to below as "Assignee").

**MORTGAGE.** Mark E. Paul, Sr. and Reba S. Paul, husband and wife, a/k/a Mark Paul and Reba Paul, the Mortgagors, executed and delivered to **First Federal Savings and Loan Association of Olathe**, the Mortgagee, a Mortgage (the "Mortgage") which has been recorded in Johnson County, State of Kansas, as follows:

Real Estate Mortgage dated December 17, 2007, in the stated principal amount of **TWO HUNDRED SEVENTY-SIX THOUSAND AND 00/100 DOLLARS ($276,000.00)**, made by Mark E. Paul Sr. and Reba S. Paul, husband and wife, a/k/a Mark Paul and Reba Paul, and payable to the order of, First Federal Savings and Loan Association of Olathe and recorded December 18, 2007 with the Johnson County Register of Deeds, as Document # 20071218-0004225, in Book 200712, Page 004225.

**REAL PROPERTY DESCRIPTION.** The Mortgage covers the following described real property located in Johnson County, State of Kansas:

Tract 1: Lot 11. Block 23, and also the East half of the vacated alley lying West of and adjacent to said Lot 11, and also the North half of the vacated alley lying South of and adjacent to said Lot 11, Town of Olathe, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof. Tract 2: Lot 8, Block 23 and the East 1/2 of the vacated alley lying West of and adjacent to said Lot 8, Town of Olathe, a subdivision in the City of Olathe, Johnson County Kansas, according to the recorded plat thereof. Tract 3: all of Lot 7, Block 23, and the East 1/2 of the vacated alley lying West of and adjacent to said Lot 7, Block 23, Town of Olathe, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.

The Real Property or its address is commonly known as 407 N. Walnut, 415 N. Walnut and 423 N. Walnut, Olathe, Johnson County, Kansas. The Real Property tax identification numbers respectively are DP52000023 0011, DP52000023 0008 and DP52000023 0007.

**ASSIGNMENT OF ASSIGNMENT OF MORTGAGE.** For valuable consideration, First State Bank of Kansas City, Kansas, Assignor, hereby assigns and conveys, without recourse, to Dale M. Ashlock, Assignee, all of Assignor's right, title, and interest in and to the above described Mortgage, together with all of Assignor's right, title, and interest in and to the promissory note or notes (or other credit agreements) secured by the Mortgage.

*Clerk of the District Court, Johnson County Kansas*
*01/11/22 04:05pm KU*

ASSIGNOR:

First State Bank of Kansas City, Kansas

By _____
Edward P. Wollmuth, Sr. Vice President


CORPORATE ACKNOWLEDGMENT

STATE OF KANSAS       )
                      )ss
COUNTY OF JOHNSON)

On this 13 day of May 2011 A.D., before me appeared Edward P. Wollmuth to me personally known, who being by me duly sworn, did say that he is the Sr. Vice President of First State Bank of Kansas City, Kansas and that the seal affixed to the foregoing instrument is the corporate seal of said corporation and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said Edward P. Wollmuth acknowledged said instrument to be the free act and deed of said corporation.

In Witness Whereof, I have hereunto set my hand and affixed my notarial seal at my office in Johnson County, Kansas.

NOTARY PUBLIC  JESSIKAH D. WILKINSON
STATE OF KANSAS  My Appt. Exp. 07/09/14

_____
Notary Public

My appointment expires 07/09/14