IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

DALE M. ASHLOCK,

                Plaintiff,

vs.

                                        Case No. 22CV00146
                                        Court No. 7
                                        Chapter 60

GENESIS INVESTMENT GROUP, INC., et al.         Title to Real Estate Involved

                Defendants.

## <u>JOURNAL ENTRY SUSTAINING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT GENESIS INVESTMENT GROUP, INC., DEFENDANT REBA PAUL, AND DEFENDANT MARK PAUL</u>

**COMES NOW** before the Court the Plaintiff's Motion for Summary Judgment Against Defendant Genesis Investment Group, Inc., Defendant Reba Paul, and Defendant Mark Paul. Plaintiff appears by and through one of its attorneys, Jon W. Gilchrist of Payne & Jones, Chartered. Defendant Reba Paul appears in person and pro se. Defendant United States of America – Internal Revenue Service appears by and through Assistant United States Attorney Andrea Taylor. There are no other appearances.

**WHEREUPON**, after having reviewed the pleadings filed herein, after having heard the statements of counsel and after being otherwise dully and fully apprised in the premises, the Court finds the following facts to be uncontroverted:

PJ-1082999-v1

**EXHIBIT**

**B**

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

1. Plaintiff Dale M. Ashlock filed his Petition for Mortgage Foreclosure and Other Relief Pursuant to K.S.A. Chapter 60 on or about January 11, 2022.

2. On or about January 13, 2022, the Johnson County Sheriff's office served summons and copies of the Petition on Defendant Reba Paul ("Ms. Paul") via personal service and upon Defendant Mark Paul, via residential service.

3. On or about January 18, 2022, the Johnson County Sheriff's office served the summons and a copy of the Petition on Defendant Genesis Investment Group, Inc. ("Genesis") via personal service upon its registered agent Asia Lockett.

4. Defendant Genesis, Ms. Paul, and Mr. Paul (Genesis, Ms. Paul, and Mr. Paul, collectively referred to herein as the "Defendants") filed their Answer on or about February 17, 2022.

5. Defendants' Answer failed to state a defense to Plaintiff's Petition.

6. Defendants Ms. Paul and Mr. Paul did not deny the validity of Plaintiff's Mortgage. Plaintiff attached the filed Mortgage to its Petition, which is a true and accurate copy of the original Mortgage as was duly filed and recorded with the office of the Register of Deeds of Johnson County, Kansas.

7. Defendant does not specifically deny that Plaintiff is the owner and holder of the Note and Mortgage attached to Plaintiff's Petition, but stated only that there was no evidence of an assignment of the Note and Mortgage to the Plaintiff. An Assignment of Assignment of Mortgage clearly identify Plaintiff as the lawful owner and holder of the Note and Mortgage. A copy of the Assignment of Assignment of Mortgage was attached to the Petition as Exhibit "C". Plaintiff has never sold, assigned, or transferred its interest in these documents and is the lawful owner and holder.

2    *Clerk of the District Court, Johnson County Kansas*
*04/23/24 04:15pm HNS*

8. Defendants did not deny that they are in default under the terms of the Note and Mortgage as identified in Plaintiff's Petition, but again merely asserts the general allegation that the same is denied for want of sufficient information. Specifically, Defendants have not denied they are in default due to their failure to make monthly payments when due.

9. Defendants did not deny that they were in receipt of a Notice of Default, in accordance with the terms and conditions of the Note and Mortgage.

10. Plaintiff is not and will not be pursuing a deficiency judgment against Defendant Mr. Paul on account of Defendant Mr. Paul's Chapter 7 bankruptcy.

11. Plaintiff sent to Defendant discovery, including Plaintiff's Requests for Admissions, Plaintiff's First Set of Interrogatories, and Plaintiff's First Requests for Production of Documents on June 22, 2022, and the Notices of Service were file-stamped with this Court on June 22, 2022.

12. After Plaintiff allowed Defendant additional time, Defendants failed to respond to the Request for Admissions. Plaintiff sent Defendants' attorney the Golden Rule Letter on or about October 7, 2022 and the Defendants failed to respond.

13. In accordance with K.S.A. 60-238(a)(3), as Defendants failed to respond to the Request for Admissions propounded upon them within 30 days (and any allowed extensions), the Requests for Admissions are deemed admitted by each of the Defendants.

14. This Court has proper personal and subject matter jurisdiction and venue is properly placed in this Court, as the Plaintiff, Defendants, and premises in question are all residents/located in Kansas.

15. On or about the 17th day of December, 2007, for value received and in consideration of a loan in the amount of $276,000.00, Defendant Mr. Paul and Defendant Ms.

*Clerk of the District Court, Johnson County Kansas*
*04/23/24 04:15pm HNS*

PJ-1082999-v1

Paul executed their Mortgage Note to First Federal Savings and Loan of Olathe ("First Federal") in writing, by the terms of which they promised and agreed to pay to First Federal the sum of $276,000.00 plus interest at the contract rate as stated in said Mortgage Note (the "Note").

16. To secure the payment of the Note referenced hereinabove, Defendants Mr. Paul and Ms. Paul executed and delivered to First Federal the Mortgage dated December 17, 2007, by the terms of which they granted First Federal a mortgage on the real property more particularly described therein, with a legal description as follows (the "Mortgage;" the property secured, the "Real Property"):

*TRACT 1: Lot 11, Block 23, and also the East Half of the vacated alley lying West of and adjacent to said Lot 11, and also the North Half of the vacated alley lying South of and adjacent to said Lot 11, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

*TRACT 2: Lot 8, Block 23, and the East Half of the vacated alley lying West of and adjacent to said Lot 8, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

*TRACT 3: All of Lot 7, Block 23 and the East Half of the vacated alley lying West of and adjacent to said Lot 7, Block 23, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.*

17. The Mortgage was duly filed and recorded with the office of the Register of Deeds of Johnson County, Kansas on December 18, 2007, as Instrument No. 20071218-0004225 in Book 200712 at Page 004225 and at that time all recording and registration fees were paid in full.

18. On or about August 6, 2008, Defendants Mr. Paul and Ms. Paul transferred their interest in and to the Real Property to Defendant Genesis pursuant to that Quit Claim Deed dated August 6, 2008, which was recorded with the Register of Deeds of Johnson County, Kansas on August 6, 2008, as Instrument No. 20080806-001566 in Book 200808 at Page 001566.

4          *Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

19. On or about May 13, 2011, First Federal assigned the Note and the Mortgage to First State Bank of Kansas City, Kansas ("First State Bank") pursuant to that Assignment of Mortgage dated May 13, 2011, which was recorded on May 20, 2011, with the Register of Deeds of Johnson County, Kansas as Instrument No. 20110520-0005242 in Book 201105 at Page 005242.

20. On or about May 13, 2011, First State Bank subsequently assigned the Note and the Mortgage to Plaintiff pursuant to that Assignment of Mortgage dated May 13, 2011, which was recorded on May 20, 2011, with the Register of Deeds of Johnson County, Kansas, as instrument No. 20110520-0005243 in Book 201105 at Page 00523.

21. Plaintiff is the owner of the Note and Mortgage.

22. Defendants Genesis, Ms. Paul, and Mr. Paul are in default under the terms of the Note and Mortgage, as said Defendants have failed to make monthly payments when due as therein provided.

23. Plaintiff mailed a notice of default to Defendants Reba Paul and Mark Paul.

24. Plaintiff declared the entire balance due and payable. The unpaid balance on the Note is $189,279.03, together with interest through April 11, 2024, in the amount of $27,400.97with a per diem of $46.89 thereafter, all sums advanced by or to be advanced by Plaintiff title evidence in bringing this action, and to date, Plaintiff has advanced $900.00 for such costs; all sums advanced or to be advanced by Plaintiff prior to sale for real estate taxes and hazard insurance; accrued late charges which as of April 11, 2024 total $31,399.35; all sums paid by Plaintiff or to be paid by Plaintiff prior to sale for insufficient funds charges, property inspections or property maintenance expenses; plus any negative escrow account (or credit for any positive escrow

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

Case 24-21083    Doc# 24-2    Filed 10/02/24    Page 5 of 16

account balance, if any) which as of April 11, 2024, totaled $1,399.85; and the costs of this action, including reasonable attorney's fees as permitted by virtue of the Note and Mortgage.

25. The Mortgage in favor of Plaintiff constitutes a first and prior lien upon the Real Property.

26. The Note and Mortgage provide that, upon default, Defendants Mr. Paul and Ms. Paul shall pay Plaintiff's attorney's fees to collect the amount due pursuant to the Note.

27. Plaintiff is entitled to a personal judgment against Defendant Ms. Paul for Plaintiff's attorney's fees.

28. Plaintiff will only seek an *in rem* judgment against Defendant Mark Paul as he filed Chapter 7 bankruptcy on or about March 12, 2018 and subsequently received a discharged.

29. All other claims on the Real Property are junior and inferior to Plaintiff's Mortgage.

30. Defendants Mr. Paul and Ms. Paul have defaulted under the terms of the Mortgage and Note.

31. By virtue of the Note marked Exhibit "A" as attached to Plaintiff's Petition, as of April 11, 2024 there is due and owing to Plaintiff $275,353.05, comprised as follows:

(a) The unpaid principal balance of the Note in the amount of $189,279.03;

(b) Unpaid interest as of April 11, 2024 in the amount of $27,400.97, plus interest accrued thereafter at the rate of 8.875% per annum;

(c) Sums advanced by or to be advanced by the plaintiff for title evidence in bringing this action, and to date, Plaintiff has advanced $900.00 for such costs;

6

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

(d)     Sums advanced or to be advanced by Plaintiff prior to sale for real estate taxes and hazard insurance as of April 11, 2024 in the amount of $1,399.85, plus amounts advanced by Plaintiff hereafter;

(e)     Accrued late charges in the amount of $31,399.35 as of April 11, 2024, plus late charges that may accrue hereafter; and

(f)     The costs of this action, including reasonable attorney's fees as permitted by virtue of the Note and Mortgage, specifically paragraph 6 of the signed Note attached to Plaintiff's Petition. Plaintiff's attorney's fees have amounted to $24,409.00 through April 11, 2024, plus all costs totaling $564.85 as of April 11, 2024, and Plaintiff's attorney's fees that are incurred through the date of the filing of the Sheriff's Deed;

all as evidenced by the Affidavit of Expenses attached hereto.

32.     Defendants have failed to cure the default under the terms of the Note and Mortgage.

33.     Defendant Genesis is the current owner of the Property and, as a result of the waiver of all redemption rights contained in the Mortgage, this Court shall grant no redemption rights to the Defendants.

34.     That Defendant United States of America is the owner and holder of the following valid and existing federal tax liens against the Real Property in the State of Kansas (described and attached to the United States of America Exhibits A through I):

7     *Clerk of the District Court, Johnson County Kansas*
*04/23/24 04:15pm HNS*

PJ-1082999-v1

**Case 24-21083    Doc# 24-2    Filed 10/02/24    Page 7 of 16**

| Exhibit No. | Taxpayer Names | Lien No. | Date Filed | Location of Filing | Amount Due or Release Status |
|---|---|---|---|---|---|
| A. | Genesis Investment Group, Inc. | 258041717 | 4/25/17 | Secretary of State | $217,915.13 as of 3/14/22 |
| B. | Genesis Investment Group, Inc. | 258041817 | 4/25/17 | Secretary of State | $31,247.04 as of 3/14/22 |
| C. | Genesis Investment Group, Inc. | 258041917 | 4/28/17 | Register of Deeds | $217,915.13 as of 3/14/22 |
| D. | Genesis Investment Group, Inc. | 258042017 | 4/28/17 | Register of Deeds | $31,247.04 as of 3/14/22 |
| E. | Genesis Investment Group, Inc. | 268182417 | 7/12/17 | Secretary of State | $103,254.57 as of 3/14/22 |
| F. | Genesis Investment Group, Inc. | 268182517 | 7/14/17 | Register of Deeds | $103,254.57 as of 3/14/22 |
| G. | Mark E. Paul, Sr. and Reba S. Paul | 267240817 | 7/7/17 | Register of Deeds | $197,107.93 as of 03/14/22 |
| H. | Mark E. Paul, Sr. | 268183117 | 7/14/17 | Register of Deeds | $161,598.16 as of 3/14/22 |
| I. | Reba S. Paul | 267241117 | 7/7/17 | Register of Deeds | $278,840.72 as of 03/14/22 |

35. Defendant United States of America, on behalf of the Internal Revenue Service, holds redemption rights as set out in 28 U.S.C. § 2410. Specifically, the redemption right for the Internal Revenue Service is 120 days.

36. Plaintiff is entitled to summary judgment on this matter.

37. Plaintiff's Mortgage shall be adjudged and decreed as a first and prior lien on the real property described in said Mortgage.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that based upon the uncontroverted facts as found by the Court, plaintiff's Motion for Summary Judgment Against Defendants should be and the same is hereby sustained.

**IT IS THEREFORE FURTHER ORDERED, ADJUDGED AND DECREED** the Court further finds and adjudges for Plaintiff in its Petition filed in this cause and all of the allegations and averments contained therein are true; that Plaintiff shall be granted personal

8     *Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

judgment against Defendant Ms. Paul, that there is due said Plaintiff concerning the Note and the Mortgage, as of April 11, 2024, the amount of $275,353.05, comprised as follows:

The unpaid principal balance of the Note in the amount of $189,279.03;

(a) Unpaid interest as of April 11, 2024 in the amount of $27,400.97, plus interest accrued thereafter at the rate of 8.875% per annum;

(b) Sums advanced by or to be advanced by the plaintiff for title evidence in bringing this action, and to date, Plaintiff has advanced $900.00 for such costs;

(c) Sums advanced or to be advanced by Plaintiff prior to sale for real estate taxes and hazard insurance as of April 11, 2024 in the amount of $1,399.85, plus amounts advanced by Plaintiff hereafter;

(d) Accrued late charges in the amount of $31,399.35 as of April 11, 2024, plus late charges that may accrue hereafter; and

(e) The costs of this action totaling $564.85 as of April 11, 2024, including reasonable attorney's fees as permitted by virtue of the Note and Mortgage, specifically paragraph 6 of the signed Note attached to Plaintiff's Petition. Plaintiff's attorney's fees have amounted to $24,409.00 through April 11, 2024, plus all costs and Plaintiff's attorney's fees that are incurred through the date of the filing of the Sheriff's Deed;

Plaintiff has a first and prior lien upon the real estate in said Petition and hereinafter described for said sum, as aforesaid, together with interest thereon as aforesaid, and the amount so expended by it for costs by virtue of the Mortgage in said petition set forth and described; that under the terms and conditions of Mortgage, and by reason of the default in payment of the indebtedness thereby secured, all as alleged in Plaintiff's petition, that said Plaintiff is now entitled to have the said

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

Mortgage foreclosed and the real estate hereinafter described sold in the manner provided by law in the entirety and not in parcels, and the proceeds arising out of said sale, apply to the satisfaction of the amounts due Plaintiff, together with any taxes and legal assessments outstanding against said premises on the date of sale.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff is the legal holder and owner of said Note and the Mortgage (all as described and attached to Plaintiff's Petition), and that the conditions of said Mortgage have been as alleged by the Plaintiff and that Plaintiff's Mortgage should be foreclosed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants Genesis, Mr. Paul and Ms. Paul shall not be granted any right of redemption herein.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's Mortgage is a "purchase money mortgage" as that term is used in K.S.A. § 58-2305.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the findings hereinbefore made should be and the same are hereby made the orders of this court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff have and recover an in rem judgment against Defendant Mr. Paul, in the amount set forth above.

**IT IS FURTHER ORDERED, ADJUDED AND DECREED**, that Plaintiff's Mortgage, securing its judgment, as above set forth, be and the same is hereby foreclosed in the amount and with the priority as set forth herein.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that if said judgment, as aforesaid, with interest thereon, together with costs of this action be not paid within fourteen (14) days from this date, that an Order of Sale issue out of this Court upon the praecipe of Plaintiff filed therefore directed to the Sheriff of Johnson County, Kansas, commanding him to

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

advertise and sell, at the front door of the county courthouse at Olathe, Johnson County, Kansas, without appraisement, in the entirety and not in parcels, to the highest and best bidder, for cash in hand, except that the above lien holders are entitled to bid with their liens in lieu of cash, to the extent their bid exceeds amounts due for costs, taxes and to parties with superior liens; the following described real estate, to-wit:

> TRACT 1: Lot 11, Block 23, and also the East Half of the vacated alley lying West of and adjacent to said Lot 11, and also the North Half of the vacated alley lying South of and adjacent to said Lot 11, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.

> TRACT 2: Lot 8, Block 23, and the East Half of the vacated alley lying West of and adjacent to said Lot 8, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.

> TRACT 3: All of Lot 7, Block 23 and the East Half of the vacated alley lying West of and adjacent to said Lot 7, Block 23, TOWN OF OLATHE, a subdivision in the City of Olathe, Johnson County, Kansas, according to the recorded plat thereof.

together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise thereunto appertaining, said real estate to be sold, subject to redemption rights as provided by law, and the proceeds arising from such sale to be applied as follows:

FIRST.    To the payment of the costs of this action and accruing costs herein;

SECOND.    To the payment of taxes due and unpaid on said real estate, if any;

THIRD.    To the payment of the judgment rendered in favor of Plaintiff, Dale M. Ashlock, together with interest thereon;

FOURTH.    To the payment of the United States of America on behalf of the Internal Revenue Service to satisfy the Tax Liens as identified in Plaintiff's Petition.

FIFTH:    That the residue, if any there be, be paid to the Clerk of the District Court of Johnson County, Kansas, to abide the further orders of the Court with reference thereto.

11    *Clerk of the District Court, Johnson County Kansas*
*04/23/24 04:15pm HNS*

**IT IS FURTHER BY THE COURT ORDERED** that from and after the sale, and once the sale is confirmed, then each and all of the defendants, and any and all heirs and assigns, shall be barred and foreclosed from all right, title, interest or equity of redemption with respect to the Property following the expiration of the time period or extinguishing of the right of redemption as set forth above in this Journal Entry. Specifically, Defendant United States of America shall have a 120-day redemption period.

**IT IS FURTHER BY THE COURT ORDERED** that once the sale is concluded and confirmed, the Sheriff of Johnson County, Kansas is ordered and directed to execute and deliver to the purchaser at the sale a Certificate of Purchase containing the recitals required by law, then the Sheriff of Johnson County, Kansas shall execute and deliver to the holder of the Certificate of Purchase, or assigns, a good and sufficient Sheriff's Deed conveying the Property to the purchaser or assigns.

**IT IS FURTHER BY THE COURT ORDERED** that upon request of the holder of the Sheriff's Deed, the Clerk of the Court shall issue to the Sheriff of Johnson County, Kansas a writ of assistance directing the Sheriff to place the holder of the Sheriff's Deed in the possession of the Property and improvements.

**IT IS FURTHER ORDERED AJUDGED AND DECREED** that Plaintiff, its agents and employees, shall be authorized to release information and otherwise communicate with third parties regarding the debt and the Property, all in conformity with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b).

**IT IS SO ORDERED.**

/s/ DAVID W HAUBER
Dated: 04/23/24

_____

Judge of the District Court

*Clerk of the District Court, Johnson County Kansas*
*04/23/24  04:15pm HNS*

PJ-1082999-v1

Submitted and approved by:

PAYNE & JONES, CHARTERED


By:___ */s/ Jon W. Gilchrist*_____
    Jon W. Gilchrist - # 13708
    11000 King Street
    Overland Park, Kansas 66210
    (913) 469-4100
    (913) 469-8182 Fax
    jgilchtrist@paynejones.com
ATTORNEYS FOR PLAINTIFF


Approved by:

DUSTIN J. SLINKARD
United States Attorney
District of Kansas

By: ___ */s/ Andrea J. Taylor*_____
        Andrea J. Taylor - #70422
        Assistant United States Attorney
        500 State Avenue, Suite 360
        Kansas City, KS 66101
        913-551-6730
        913-551-6541 Fax
        Andrea.taylor@usdoj.gov
Attorneys for Defendant Unites States of America

*Clerk of the District Court, Johnson County Kansas*
*04/23/24 04:15pm HNS*

# Exhibit "A"

# Affidavit of Expenses

# AFFIDAVIT AND ITEMIZATION OF EXPENSES INCLUDED IN JUDGMENT

Plaintiff hereby submits and pursuant to local rule, the following Affidavit and Itemization of Expenses Included in Judgment with respect to foreclosure of the following property:

| Property Address: | 407 N. Walnut St. | 415 N. Walnut St. | 423 N. Walnut St. |
|---|---|---|---|
| | Olathe, KS 66061 | Olathe, KS 66061 | Olathe, KS 66061 |

## Ashlock v Genesis, et al; Case No. 22CV00146
### As of April 11, 2024

| | Judgment | Costs | Total |
|---|---|---|---|
| Judgment (Principal) | $ 189,279.03 | | $ 189,279.03 |
| Judgment (Interest) | $ 27,400.97 | | $ 27,400.97 |
| Judgment (Escrow) | $ 1,399.85 | | $ 1,399.85 |
| Judgment (Title search) | $ 900.00 | | $ 900.00 |
| Judgment (Late Charges) | $ 31,399.35 | | $ 31,399.35 |
| Judgment (Attorney fees) | $ 24,409.00 | | $ 24,409.00 |
| Judgment (maintenance fees) | | | $ - |
| Filing fee | | $ 287.50 | $ 287.50 |
| Motion for Summary - Filing Fee | | $ 196.00 | $ 196.00 |
| Service of Process Fees | | $ 74.75 | $ 74.75 |
| Publication – Notice of Sale | | | $ - |
| Taxes & Insurance | | | $ - |
| Surcharge | | | $ - |
| Sheriff's Fees | | | $ - |
| Other charges (specify) PACER Fees | | $ 6.60 | $ 6.60 |
| | | | |
| TOTALS | $ 274,788.20 | $ 564.85 | $ 275,353.05 |

1. The foregoing Affidavit represents a true and accurate account of the expenses incurred by Plaintiff to date.

2. Additional expenses and costs may accrue prior to any sale of the Property at issue herein.

3. Plaintiff is entitled to the recovery of the charges incurred by Plaintiff from the title company to determine the need to include any additional parties to the lawsuit.

4. Plaintiff is entitled to the recovery of its costs including, but not limited to Plaintiff's reasonable attorney's fees as set forth in Section 6 of the Note that is attached as Exhibit "A" to Plaintiff's Petition filed in this matter. The attorney's fees are charged at a reasonable rate of $180 to 240 per hour and the attorneys for Plaintiff have spent in excess of thirty (30) hours on this matter.

5. Plaintiff is entitled to the recovery of taxes and hazard insurance premiums paid concerning the real property as provided in Sections 3 and 5 of the Note and Sections 3 and 6 of the Mortgage.

FURTHER AFFIANT SAYETH NAUGHT.

Dale M. Ashlock, Plaintiff

Subscribed and sworn to before me, a notary public, this ___23rd___ day of April, 2024.



VICKIE JESTICE
Notary Public, State of Kansas
My Appointment Expires
9-6-26

Notary Public

My Commission Expires: ___9-6-26___