**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 30th day of October, 2024.**



Robert D. Berger
United States Bankruptcy Judge

**IN THE UNITED STATES BAN**
**FOR THE DISTRICT C**

_____

| | |
|---|---|
| IN RE:                                                )<br>                                                         )<br>Mark Eugene Paul, Sr., and                )<br>Reba Simone Paul.                             )<br>                                                         )<br>_____Debtors._____) | Case No. 24-21083<br>Chapter 13 |

### ORDER ON CHERRY PARK PROPERTIES, LLC'S
### MOTION FOR DETERMINATION THAT THE STAY DOES NOT APPLY OR,
### <u>ALTERNATIVELY, GRANTING RELIEF FROM AUTOMATIC STAY</u>

NOW, the above-captioned matter comes before the Court on Cherry Park Properties, LLC's ("Movant") Motion for Determination that the Stay Does not Apply or Alternatively, Granting Relief from the Automatic Stay [Doc. 24], (the "Motion"). Movant appears by and through its counsel of record, Matthew D. Stromberg of Foulston Siefkin LLP. Debtors appeared by their counsel of record, David Dean of Patton and Dean, LLC. There are no other appearances.

WHEREUPON, the Court, after reviewing the file herein, and after being well and duly advised of the premises, finds as follows:

1.     On January 11, 2022, Dale M. Ashlock filed a petition in Johnson County District Court to foreclose his mortgage on two rental properties owned by Genesis Investment Group,

Inc. ("Genesis") at 415 N. Walnut and 423 N. Walnut in Olathe, Kansas (collectively the "Property").

2.      Debtors personally guaranteed the mortgage on the Property and were also named as defendants in the foreclosure lawsuit.

3.      On April 23, 2024, the court granted Ashlock's motion for summary judgment and entered a judgment against Genesis and the Debtors.

4.      On June 25, 2024, Ashlock assigned the Judgment to Cherry Park.

5.      On August 5, 2024, the Johnson County District Court issued an order instructing the sheriff of Johnson County to conduct a sheriff's sale of the Property.

6.      Debtors are the sole shareholders in Genesis.

7.      Although the automatic stay under 11 U.S.C. 362 applies to the Debtors' shares of Genesis, the automatic stay does not apply to Genesis or its assets because the property owned by Genesis is not property of Debtors' bankruptcy estate. *See, e.g., In re Com. Mortg. and Fin. Co.*, 414 B.R. 389 (Bankr. N.D. 111. 2009) ("As a general rule, property of the estate includes the debtor's stock in a subsidiary, but not the assets of the subsidiary.").

8.      Accordingly, Cherry Park's motion seeking a determination that the automatic stay does not apply is granted.

IT IS THEREFORE ORDERED that the above and foregoing findings are incorporated herein as the order of the Court, the automatic stay does not apply to the Property, and Movant is hereby permitted to proceed with a sheriff's sale of the Property owned by non-debtor Genesis and Movant is further permitted to pursue its remedies pursuant to state law as to Genesis and the Property.

IT IS SO ORDERED.

2

###

PREPARED AND APPROVED BY:

*/s/Matthew D. Stromberg*
Matthew D. Stromberg, #23710
Foulston Siefkin LLP
7500 College Boulevard, Suite 1400
Overland Park, KS 66210
T: 913-498-2100 | F: 913-498-2101
mstromberg@foulston.com
*Attorneys for Cherry Park Properties, LLC*


*/s/ David L. Dean*
David L. Dean, #23368
Patton & Dean, LLC
8643 Hauser Ct., Ste 235
Lenexa, KS 66215
T: 913-495-9998 | F: 888-720-1985
admin@pattondean.com
*Attorney for Debtor*


*/s/ W.H. Griffin*
W.H. Griffin, #08060
5115 Roe Blvd., Ste. 200
Roeland Park, KS 66205
T: 913-677-1311 | F: 913-432-7857
inquiries@13trusteekc.com
*Chapter 13 Trustee*